MR. JUSTICE GRIDLEY delivered the opinion of the
court.

### John D. Casey, Administrator, Appellant, v. Charles Deinet, Appellee.

### Gen. No. 20,449.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZ-
ZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate
Court at the October term, 1914. Reversed and remanded. Opinion
filed April 13, 1915.

### Statement of the Case.

Action by John D. Casey, administrator of the estate
of Julia M. Dickinson, deceased, against Charles
Deinet to recover the sum of ten thousand dollars for
the wrongful death of said Julia M. Dickinson as the
result of the alleged negligence of the defendant.

The decedent was a tenant of the defendant and at
the time of the injury, which subsequently resulted in
her death, was engaged in assisting another tenant
of the defendant occupying an apartment above that
leased by the deceased. While leaning against the rail-
ings on the porch, they gave way, precipitating her to
a roof below, resulting in injuries which subsequently
caused her death. At the conclusion of the plaintiff's
evidence, on motion of the defendant, the court orally
instructed the jury to find the defendant not guilty,
not because of the insufficiency of the evidence, but
upon the grounds, as orally stated by the court, that
"the declaration contains no allegation of any facts
from which the court can conclude that plaintiff's in-

testate was lawfully upon the premises in question or that the defendant owed her any duty," and that "the declaration does not state a cause of action." From the judgment entered in favor of the defendant on the verdict so returned, the plaintiff appeals.

McMahon & Cheney and E. C. Reniff, for appellant.

P. H. Bishop, for appellee.

Mr. Justice Gridley delivered the opinion of the court.

### Abstract of the Decision.

1.  Trial, § 212*—*when sufficiency of pleading cannot be tested by motion for directed verdict.* A defendant pleading to the merits, without demurrer, cannot test the sufficiency of the declaration by a motion for a directed verdict.

2.  Trial, § 185*—*when oral peremptory instruction improper.* An oral instruction to the jury to find a defendant not guilty of negligence is in violation of section 73 of the Practice Act (J. & A. ¶ 8610).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.